## CIRCUIT COURT OF BALTIMORE CITY.

Filed July 25, 1908.

------

------

MARTIN O'CONNER ET AL.
VS.
MARY A. McGINNIS ET AL.

------

*Bond & Parke* for complainants.

*Dennis & Dennis. Gill, Preston & Field* and *Israel B. Brodie* for defendants.

ELLIOTT, J.—

The controversy in this case has arisen with regard to certain stock of the A. McGinnis Co. of Carroll county, having its plant located at McGinnis' siding, in Carroll county, Md.

This corporation was originally organized with a capital stock of $15,000 divided into 300 shares of a par value of $50 each.

This capitalization was afterwards increased to $50,000, the capital stock being divided into 2,000 shares of a par value of $25 each.

The original incorporators were Arthur McGinnis, Martin O'Connor, John McGinnis, James McGinnis and Patrick McGrath, who held among themselves the whole of the original 300 shares of stock.

We are not immediately concerned about the original holdings of stock, or the original issue of the same, and it is fortunate that it is so, because the uncertainties and contradictions of the testimony are such that we might well abandon the task of threading our way among them.

There can not be anything certain concluded with regard to the contributions made by the various parties toward the capital stock, nor can the alleged holdings of stock be reconciled with the issue of stock made. This becomes evident at once, when we take the holdings as reported at the stockholders meeting of July 2nd, 1904, and compare them with the original issue of stock.

At that meeting, it was stated that all of the capital stock of 300 shares had been subscribed for and fully paid for, but the actual issue of stock up to that time was only 166 shares.

We must, therefore, look for any possible solution of the present difficulty to what took place at the stockholders' meetings of July and October, 1904, or during the period intervening between those dates.

I am not disposed to view with much seriousness, the statement that previous to July 2nd, 1904, all the original stock had been subscribed for and paid in, nor do I accept as absolutely correct the statement then made as to the holdings of stock, especially as it is so flatly contradicted by the actual issue as it then existed.

But some time between July and October, 1904, it was decided to increase the capital stock to $50,000, and to change the par value of the shares from $50 to $25. At that time 166 shares of stock had been issued and 134 shares of stock of the original issue remained to be issued.

The 166 shares of stock actually issued was held as follows:

John McGinnis ............ 20 shares
Patrick McGrath ........... 24 shares
Arthur McGinnis ........... 100 shares
Martin O'Connor .......... 20 shares
James McGinnis ........... 2 shares

When the value of each share was reduced from $50 to $25, the holdings were doubled, and of the original capital stock of $15,000, there remained unissued two hundred and sixty-eight (268) shares.

Arthur McGinnis ........... 108 shares
Martin O'Connor ........... 100 shares
James McGinnis ............ 20 shares
J. J. Dougherty ............ 8 shares
Arthur McGinnis, subject
to agreement with J. J.
Dougherty .............. 32 shares

This action taken at the October meeting is important as showing the relative holdings of the different stockholders as agreed to among themselves, at a time when they are to be supposed as knowing what their relative rights were, and when they were in a position to settle them as among themselves.

It was this meeting which gave rise to the present controversy, and we are called upon to decide how the $10,000 of stock being the difference between $15,000 and $25,000 which was to go to the original stockholders, after the increase, is to be divided.

The transactions of that meeting as shown by the disposition of stock then made, are very interesting, and have led this Court to a definite conclusion as to the rights of the parties to this controversy.

At the risk of some repetition we state that the first issue of stock was of 166 shares and a capitalization of $8,300, leaving unissued 134 shares of stock of the value of $6,700.

There was one thing necessary before there could be determined the proportions in which the different original stockholders were to share in the increased stock, and that was to issue to them in proper amounts the unissued $6,700 of the original capital stock, and it was just exactly that thing that the stockholders did at the October meeting, and the proportions in which that stock was issued, are shown in the testimony of Frank Blacklock, on pages 122 to 125 of the testimony.

After that issue the $15,000 of original stock was divided as follows:

Arthur McGinnis .308 shares, $7,700.00
Martin O'Connor..140 shares, $3,500.00
John McGinnis....40 shares, $1,000.00
Patrick McGrath..48 shares, $1,200.00
James McGinnis....24 shares, $600.00
J. J. Dougherty.....8 shares, $200.00

and thirty-two shares issued in the name of Arthur McGinnis subject to a claim against it in favor of J. J. Dougherty.

This distribution was made with all parties present, either actually or constructively, and was made in such a way as to bind all parties. It must be taken, therefore, as reflecting the proportions in which stockholders were interested in the original issue of $15,000, and it must be those same proportions that the additional $10,000 of stock is to be divided.

There is but one qualification of this, and that is, the fact that as to twenty of James McGinnis' twenty-four shares and the whole of Dougherty's forty shares there is to be no participation, this leaves the additional shares of stock to be divided among the holders of 540 shares.

The 400 shares issued on October 13th, 1904, in two certificates numbers 46 and 47 of 200 each in the name of Arthur McGinnis, do not in right belong to his estate, but are to be divided as above suggested among the five original stockholders.

This division entitles each holder of a share of the original stock to four-fifths of a share of the 432 shares standing in the name of Arthur McGinnis, but not belonging to him.